UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., <br><br> Plaintiff, <br><br> v. <br><br> T.L. CAMPBELL, et al., <br><br> Defendants. | No.  1:24-cv-00016 JLT GSA (PC) <br><br> ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS IN FORMA PAUPERIS APPLICATION SHOULD NOT BE DENIED PURSUANT TO 28 U.S.C. § 1915(g) <br><br> (ECF No. 6) <br><br> PLAINTIFF'S SHOWING OF CAUSE DUE **MARCH 18, 2024** |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1, 6.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g) and he be required to pay the filing fee in full prior to proceeding any further in this action.  Plaintiff will be given thirty days to file the showing of cause.

I.  IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)

1

("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

## II.   THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint

is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

3

III. PLAINTIFF'S PRIOR STRIKES

    A. Plaintiff's Relevant Strikes

A review of court records reveals that at least six prior cases brought by Plaintiff qualify as strikes under Section 1915(g).[1] The Court takes judicial notice[2] of the following lawsuits previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the currently pending matter:

- Jenkins v. Carey, No. 1:98-cv-05644 OWW HGB (E.D. Cal. July 13, 2000) (dismissed for failure to state a claim);
- Jenkins v. Correctional Officer Cones, No. 2:14-cv-07557 ODW RNB (C.D. Cal. June 12, 2015) (dismissed for failure to state a claim);
- Jenkins v. Gastelo, No. 3:16-cv-00744 WHA (N.D. Cal. May 4, 2016) (dismissed for failure to state a claim);[3]
- Jenkins v. Drake, No. 2:19-cv-05656 ODW PVC (C.D. Cal. May 28, 2020) (dismissed for failure to state a claim and for failure to comply with short and plain statement requirement);
- Jenkins v. Bloom, No. 3:19-cv-05762 WHA (N.D. Cal. Nov. 14, 2019) (dismissed for failure to state a claim), and
- Jenkins v. Garcia, No. 3:20-cv-04420 WHA (N.D. Cal. Nov. 19, 2020) (dismissed for failure to state a claim).

---

[1] Court records also reveal that since 1998, Plaintiff has filed at least twenty-five civil rights actions in three of California's four federal districts.

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] The Gastelo Court dismissed this case because Plaintiff's claim for injunctive relief had been brought on behalf of all inmates in his prison, and therefore, could only be remedied via class counsel in a class action that had already been brought. See Gastelo, ECF No. 11 at 3 (order of dismissal).

IV. DISCUSSION

A. Instant Matter Brought After Three Strikes Accrued

Plaintiff brought[4] the instant matter on December 25, 2023.[5] See ECF No. 1 at 9 (signature page of complaint with date). As indicated above by the dates that the judgments and orders were issued in the above-referenced cases, all six of had been dismissed on Section 1915(g) grounds prior to Plaintiff filing the instant matter. Therefore, as a three strikes litigant, Plaintiff is required to pay the filing fee in full prior to proceeding in this case *unless* at the time he brought the instant action, he made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

B. No Imminent Danger Alleged In Instant Case

A review of the complaint indicates that in it, Plaintiff does not allege that he was in imminent danger of serious physical harm.[6] See generally ECF No. 1. Therefore, Section 1915(g) precludes him from proceeding in any further in this matter without first paying the filing fee in full. See 28 U.S.C. § 1915(g). Prior to ordering him to do so, however, Plaintiff will first be directed to show cause why he was not a three strikes litigant within the meaning of Section 1915(g) at the time that he brought this case before this Court.

---

[4] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal, 531 F.3d at 1152.

[5] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

[6] In the instant complaint, Plaintiff raises two claims. In Claim One, he alleges that his Eighth Amendment rights were being violated because Defendants failed to serve him food in compliance with California Code of Regulations Title 15, § 3052(g). See ECF No. 1 at 4-6. The statute forbids inmates' assignment to a food service area unless they are medically cleared to handle food. See id.

It appears that there was some tension between Plaintiff and one of the inmates who was serving Plaintiff his food. See ECF No. 1 at 4-6. As a result, he states that he had to skip breakfast and dinner for ten days. Id. at 6. In Claim Two, Plaintiff alleges that his First Amendment right to be free from retaliation when filing grievances was violated. Id. at 7. Neither of these claims allege that Plaintiff was in imminent danger of serious physical harm, which, if plausible, would relieve Plaintiff of the Section 1915(g) requirement that, he first pay the filing fee in full prior to proceeding any further in this matter.

V.   CONCLUSION

Plaintiff has filed a request to proceed in forma pauperis in this matter. See ECF No. 6. However, a review of the dockets of the four federal districts in California indicate that prior to bringing the instant matter, Plaintiff had accrued six strikes within the meaning of Section 1915(g) other matters that had been dismissed.

In addition, a review of the instant complaint indicates that Plaintiff makes no plausible claim of being in imminent danger of serious physical harm. See generally ECF No. 1. As a result, he is required under Section 1915(g) to pay the filing fee in full prior to proceeding any further. Before being ordered to do so, however, Plaintiff will be given the opportunity to show cause why he is not a three strikes litigant within the meaning of Section 1915(g). He will be given thirty days in which to do so. Should Plaintiff fail to timely file the showing of cause, or fail to establish that he is not a three strikes litigant, it will be recommended that his application to proceed in forma pauperis be denied and that he be ordered to pay the full filing fee prior to proceeding any further in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why his application to proceed in forma pauperis (ECF No. 6) should not be DENIED;

2. Within thirty days from the date of this order – **by March 18, 2024**, – Plaintiff shall file his showing of cause.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **February 15, 2024**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE