# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 1:24-cv-00016 JLT GSA (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS ORDER |
| v. | ORDER RECOMMENDING: |
| T.L. CAMPBELL, et al., | (1) PLAINTIFF BE DECLARED A THREE STRIKES LITIGANT WITHIN THE MEANING OF 28 U.S.C. § 1915(g); |
| Defendants. | |
| | (2) PLAINTIFF BE FORMALLY IDENTIFIED AS A THREE STRIKES LITIGANT IN THIS COURT'S DOCKETING SYSTEM; |
| | (3) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED, AND |
| | (ECF No. 6) |
| | (4) PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL PRIOR TO PROCEEDING ANY FURTHER IN THIS ACTION |
| | PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE **APRIL 5, 2024** |

1

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's application to proceed in forma pauperis is currently pending. See ECF No. 6.

For the reasons stated below the undersigned will recommend that certain previously adjudicated cases of Plaintiff's be recognized as strikes and that Plaintiff be identified as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g) in the Court's case filing database. It will also be recommended that Plaintiff's application to proceed in forma pauperis be denied and that he be required to pay the filing fee in full prior to proceeding any further in this action.

I.  RELEVANT PROCEDURAL HISTORY

On February 16, 2024, the undersigned identified six matters filed by Plaintiff which constitute strikes under 28 U.S.C. § 1915(g). They were: Jenkins v. Carey, No. 1:98-cv-05644 OWW HGB ("Carey"); Jenkins v. Correctional Officer Cones, No. 2:14-cv-07557 ODW RNB ("Cones"); Jenkins v. Gastelo, No. 3:16-cv-00744 WHA ("Gastelo"); Jenkins v. Drake, No. 2:19-cv-05656 ODW PVC ("Drake"); Jenkins v. Bloom, No. 3:19-cv-05762 WHA ("Bloom"), and Jenkins v. Garcia, No. 3:20-cv-04420 WHA ("Garcia"). See ECF No. 7 at 4. At that time, the Court contended that these six matters had all been dismissed prior to Plaintiff filing the instant matter. Id. As a result, Plaintiff was ordered to show cause why his application to proceed in forma pauperis status should not be denied. ECF No. 7 at 6.

On February 29, 2024, Plaintiff's showing of cause was docketed. ECF No. 8. The Court considers it herein.

II.  IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews,

2

No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

### III. THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state  a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the

3

ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice.  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).   To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing.  See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint."  Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

////
////
////
////

4

IV. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least six cases brought by Plaintiff qualify as strikes under Section 1915(g). The Court takes judicial notice[1] of the following lawsuits previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the current matter:

- Jenkins v. Carey, No. 1:98-cv-05644 OWW HGB (E.D. Cal. July 13, 2000) (dismissed for failure to state a claim);
- Jenkins v. Correctional Officer Cones, No. 2:14-cv-07557 ODW RNB (C.D. Cal. June 12, 2015) (dismissed for failure to state a claim);
- Jenkins v. Gastelo, No. 3:16-cv-00744 WHA (N.D. Cal. May 4, 2016) (dismissed for failure to state a claim);[2]
- Jenkins v. Drake, No. 2:19-cv-05656 ODW PVC (C.D. Cal. May 28, 2020) (dismissed for failure to state a claim and for failure to comply with short and plain statement requirement);
- Jenkins v. Bloom, No. 3:19-cv-05762 WHA (N.D. Cal. Nov. 14, 2019) (dismissed for failure to state a claim), and
- Jenkins v. Garcia, No. 3:20-cv-04420 WHA (N.D. Cal. Nov. 19, 2020) (dismissed for failure to state a claim).

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The Gastelo Court dismissed this case because Plaintiff's claim for injunctive relief had been brought on behalf of all inmates in his prison, and therefore, could only be remedied via class counsel in a class action that had already been brought. See Gastelo, ECF No. 11 at 3 (order of dismissal).

5

V. PLAINTIFF'S SHOWING OF CAUSE

A. No Dispute of Strike Findings

In Plaintiff's showing of cause, he does not dispute that the six earlier adjudicated matters are strikes within the meaning of Section 1915(g). See generally ECF No. 8. Instead, he argues that he *did* allege that he was in imminent danger of serious physical harm in Claim One of his Complaint,[3] and that his allegations in it establish the nexus between the imminent danger and the violation of law alleged in the complaint that Ray requires. See generally id. at 1-2.

B. Allegation of Imminent Danger in Claim One

In the showing of cause, Plaintiff asserts that he was in imminent danger of serious physical harm "each time that he did not take breakfast or lunch." ECF No. 8 at 1. A review of Claim One indicates that in it, Plaintiff argues that his Eighth Amendment rights were being violated because Defendants failed to serve him food in compliance with California Code of Regulations Title 15, § 3052(g).[4] See ECF No. 1 at 4-6. The statute, Plaintiff asserts, forbids inmates' assignment to a food service area unless they are medically cleared to handle food. See id.

In Claim One Plaintiff asserts that in August 2023, he filed a complaint against two of the three Defendants because a particular inmate had been assigned to serve food in violation of Section 3052(g), and that that inmate proceeded to mishandle his food. See generally ECF No. 1 at 4. The complaint does not clearly state what happened, but it appears that there was some sort of altercation between Plaintiff and the inmate in question who served him food. See generally id. As a result, Plaintiff states, he was harmed "[d]ue to the aggression [of the inmate] and mishandling of serving / shoving food trays into [his] hand[]s causing food to fly [over his] arm and floor making[] a mess [and] causing tension." Id. (brackets added).

---

[3] In Claim Two, Plaintiff alleges that his First Amendment right to be free from retaliation when filing grievances was violated. ECF No. 1 at 7.

[4] Because this regulation is not relevant to the threshold question of whether Plaintiff is a three strikes litigant within the meaning of Section 1915(g), the Court does not state its content in this order.

6

1     Plaintiff goes on to state that in order to avoid violence between himself and the inmate in question, he brought the issue to the attention of Defendant Madden, who then discussed it with Defendant Hurtado. ECF No. 1 at 4, 6. After also asking another correctional officer to document the incident, Plaintiff states that he then explained to all of them that he would not be accepting any more food trays from the inmate in question, and he pointed out to Defendant Madden that the inmate had to be cleared by a unit classification committee in accord with state regulations. Id. at 6. Despite having done this, Plaintiff contends, the inmate was still permitted to serve food in violation of the prison's policies. As a result, Plaintiff states that this caused him to miss *up to ten* breakfast and lunches 10 days straight. Id. There is no mention of missing other meals, including dinners.

    Importantly, Plaintiff acknowledges in the complaint that at the time he filed it with the Court in December 2023, the inmate in question had been released. See ECF No. 1 at 6. Despite this fact, he believes that this does not make up for the fact that because of the prison officials' inaction, he had to miss multiple meals. See id. According to Plaintiff, Defendants should have immediately intervened by removing the inmate in question from the food service job until he had been approved to handle food in compliance with prison regulations. Id. Instead, Plaintiff contends, Defendants did nothing with the intent of inciting and provoking violence between him and the inmate in question. See ECF No. 1 at 4; ECF No. 8 at 3.

    For these reasons, Plaintiff argues, he *did* establish at the time that he filed the complaint that he was in imminent danger of serious physical harm. See ECF No. 8 at 1-2, and therefore should be able to proceed in this case with in forma pauperis status. Id. at 3.

VI. DISCUSSION

    Having considered Plaintiff's showing of cause, for the following reasons the undersigned finds that it is insufficient to surmount the Court's determination that prior to bringing this action, Plaintiff had six Section 1915(g) strikes in his Carey, Cones, Gastelo, Drake, Bloom, and Garcia cases. The undersigned also finds that Plaintiff was not in any imminent danger of serious physical harm when he brought the instant matter to this Court in December of 2023.

7

### A. Instant Matter Brought After Three Strikes Accrued

Plaintiff brought[5] the instant matter on December 25, 2023.[6] See ECF No. 1 at 9 (signature page of complaint with date). As indicated above by the dates that the judgments and orders were issued in the above-referenced cases, all six of them had been dismissed on Section 1915(g) grounds prior to Plaintiff filing the instant matter. Plaintiff does not dispute that the six matters are strikes. See generally ECF No. 8. Therefore, as a three strikes litigant, Plaintiff is required to pay the filing fee in full prior to proceeding in this case *unless* at the time he brought the instant action, he made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

### B. No Viable Imminent Danger Alleged in Instant Case

For several reasons the allegations in Claim One are insufficient to establish that at the time Plaintiff filed the complaint he was in imminent danger of serious physical harm. First, when the complaint was filed in December 2023, the inmate in question was no longer at the prison. See ECF No. 1 at 6. Thus, any danger in which Plaintiff may have previously been in no longer existed. The imminent physical harm exception is only available if the danger exists *at the time the complaint is filed*, not if it exists at some earlier or later time. See Andrews, 493 F.3d at 1052-53.

Next, even if the inmate had still been at the prison serving food at the time Plaintiff filed the complaint, his imminent danger of serious physical harm assertion would still fail. This is because the possibility of similar interaction with the inmate – e.g., the inmate shoving food into Plaintiff's hands, or causing food served to Plaintiff to fly over his arm and onto the floor (see ECF No. 1 at 4) is a wholly speculative possibility. Assertions of imminent danger may be

---

[5] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal, 531 F.3d at 1152.
[6] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

rejected as overly speculative or fanciful when they are supported by implausible allegations that the ongoing practice has produced past harm. Andrews, 493 F.3d at 1057 n.11.

Finally, the Court points out that it was *Plaintiff* who opted not to eat breakfast or lunch for ten days. Thus, to the extent that Plaintiff may be arguing that the ten-day-period during which he did not take meals put him in imminent danger of serious physical harm from a nourishment perspective (see ECF No. 1 at 6) (Plaintiff stating he had to miss *up to* 10 breakfast and lunches for ten days while taking medication and while not feeling well and weak), this argument fails as well. Generally speaking, when considering an assertion of imminent danger of serious physical harm, a litigant cannot create the situation that puts himself in harm's way. See Pauline v. Mishner, No. CIV 09-00182 JMS KSC, 2009 WL 1505672, at *2 (D. Haw. May 28, 2009) (collecting cases).

Therefore, for these reasons, at the time Plaintiff filed the instant complaint the Court finds that Plaintiff was not in imminent danger of serious physical harm within the meaning of Section 1915(g), and does not meet this exception within the statute. As a three strikes litigant, the undersigned will recommend: (1) that Plaintiff's Carey, Cones, Gastelo, Drake, Bloom, and Garcia cases be recognized as strikes; (2) that Plaintiff be identified as a three strikes litigant within the meaning of Section 1915(g) in this Court's filing system; (3) that Plaintiff's application to proceed in forma pauperis be denied; and (4) that Plaintiff be required to pay the filing fee in full prior to proceeding any further with this action. See generally 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The following cases be RECOGNIZED as strikes within the meaning of 28 U.S.C. § 1915(g):

- Jenkins v. Carey, No. 1:98-cv-05644 OWW HGB (E.D. Cal. July 13, 2000);
- Jenkins v. Correctional Officer Cones, No. 2:14-cv-07557 ODW RNB (C.D. Cal. June 12, 2015);
- Jenkins v. Gastelo, No. 3:16-cv-00744 WHA (N.D. Cal. May 4, 2016);
- Jenkins v. Drake, No. 2:19-cv-05656 ODW PVC (C.D. Cal. May 28, 2020);
- Jenkins v. Bloom, No. 3:19-cv-05762 WHA (N.D. Cal. Nov. 14, 2019), and

- <u>Jenkins v. Garcia</u>, No. 3:20-cv-04420 WHA (N.D. Cal. Nov. 19, 2020) (dismissed for failure to state a claim).

2. Plaintiff be FORMALLY IDENTIFIED as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g) in the Court's docketing system;

3. Plaintiff's application to proceed in forma pauperis (ECF No. 6) be DENIED, and

4. Plaintiff be required to pay the filing fee in full prior to proceeding any further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations – **by April 5, 2024**, – Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __March 22, 2024__                    /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE